United States v. Simmons

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the
26th day of November, two thousand thirteen.

Present:         ROSEMARY S. POOLER,
                 RAYMOND J. LOHIER, JR.,
                 SUSAN L. CARNEY,
                         *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                 *Appellee*,

            -v-                                                    12-1637-cr

ROBERT SIMMONS,

                 *Defendant-Appellant*.

_____

Appearing for Appellant:    Richard Bruce Lind, New York, N.Y.

Appearing for Appellee:     Michael Douglas Maimin (Katherine Polk Failla, *on the brief*),
                            Assistant United States Attorneys *for* Preet Bharara, United States
                            Attorney for the Southern District of New York, New York, N.Y.


        Appeal from the United States District Court for the Southern District of New York
(Scheindlin, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Robert Simmons seeks review of an April 16, 2012 order of the District Court for the Southern District of New York (Scheindlin, *J.*), denying Simmons's motion to suppress evidence of a firearm seized from his room, which argued that the seizure was in violation of Simmons's rights under the Fourth Amendment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm the district court's determination that the seizure of the firearm from Simmons's room did not violate the Fourth Amendment because Simmons gave implied consent to this seizure. It is a factual question whether Simmons voluntarily gave implied consent to the officers on the scene to seize the firearm from his room. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973) ("[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances."). Accordingly, a district court's finding with respect to implied consent is reviewed only for clear error. *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004) ("[W]e review the District Court's conclusions on the voluntariness of [the defendant's] consent[] for clear error."); *see also United States v. Snype*, 441 F.3d 119, 131 (2d Cir. 2006) ("We will not reverse a finding of voluntary consent except for clear error."). "Under this standard, '[if] the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even though convinced that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently.'" *Isiofia*, 370 F.3d at 232 (alterations in original) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985)).

A prior panel of this Court stated that the record before it did not allow the panel to determine whether Simmons voluntarily gave implied consent to the seizure of the firearm from his room because "the trial court made no finding on this issue." *United States v. Simmons*, 661 F.3d 151, 158 n.3 (2d Cir. 2011) ("*Simmons I*"). On remand, the district court adopted the reasoning in Judge Winter's dissent in *Simmons I. United States v. Simmons*, 861 F. Supp. 2d 307, 311 (S.D.N.Y. 2012) ("*Simmons II*") ("'[A] defendant's directions to a firearm amounts to, or may be found to amount to, implied consent[] . . . .'" (quoting *Simmons I*, 661 F.3d at 159 (Winter, J., dissenting))). Though the district court's discussion of the question of voluntariness is relatively sparse, the district court did ultimately "find that Simmons *voluntarily* consented to the seizure of the weapon." *Simmons II*, 861 F. Supp. 2d at 311 (emphasis added). Absent any indication that this determination was clear error, we are bound by this factual finding. Concluding that the district court made no such error, we thus affirm the district court's determination that the seizure of the firearm from Simmons's room was not in violation of the Fourth Amendment, because of Simmons's voluntary implied consent to the seizure.

We have considered all of the defendant's remaining arguments on appeal and conclude that they are without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk